## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: MILLICENT DURING
      Debtor       :   21-1470

## ORDER

AND NOW this ____ day of November, 2025, upon review of Movant CCP PROPERTY OWNERS ASSOCIATION SOUTH's *Motion for Relief from Stay*, said Motion is hereby GRANTED and the Court grants Movant relief from the automatic stay to allow Movant to file and prosecute the complaint attached to its Motion against Debtor in the Court of Common Pleas of Monroe County.

              BY THE COURT

              _____
              MARK J. CONWAY, JUDGE

Cc:   Gregory D. Malaska, Esq. counsel for Movant
    Robert Kidwell, Esq., counsel for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: MILLICENT DURING
          Debtor    :    21-1470

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant/Creditor, CCP PROPERTY OWNERS ASSOCIATION SOUTH, by and through its counsel, Young & Haros, LLC, hereby moves this Honorable Court to grant Movant relief from the Automatic Stay provision of the Bankruptcy Code to pursue a covenant enforcement action against Debtor, and in support thereof, avers as follows:

1. Plaintiff, CCP PROPERTY OWNERS ASSOCIATION SOUTH ("the "Association" or "CCP") is a nonprofit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which has previously filed a proof of claim in the instant bankruptcy.

2. The Association maintains and administers the common facilities in the private real estate subdivision known as Country Club of the Poconos at Big Ridge, which is located in Middle Smithfield Township, Monroe County, Pennsylvania.

3. The Subdivision is a Planned Community under the Uniform Planned Community Act, 68 Pa. C.S. § 5101, et seq. (the "Act") and as such, the Association, Debtor, and Unit are also subject to the UPCA.

4. Debtor MILLICENT DURING and her co-owner ELIZABETH DURING are

adult individuals with a principal address of 3120 Sparrow Court, East Stroudsburg, PA 18302.

5. Debtor and her co-owner own Lot 226, Phase II within the planned community.

6. Debtor is bound by all governing documents for the planned community, including a Declaration of Covenants, Bylaws, and Rules.

7. Since the filing of the bankruptcy, Debtor has been storing a commercial van on her property, in violation of the Movant's governing documents.

8. Despite multiple notices and requests to remove the vehicle, Debtor has failed to bring her property into compliance.

9. Debtor's noncompliance will continue unless enjoined by a court.

10. To that end, the undersigned has drafted and intends to file the attached enforcement complaint, a copy of which is attached as Exhibit A.

11. The current violations have all occurred post-petition.

12. The present action will not prejudice the administration of Debtor's Chapter 13 plan.

13. Section 362(d) of the bankruptcy code permits a court the power to grant relief from the automatic stay to pursue claims against a debtor. 11 U.S.C. § 362(d).

14. The claim identified in Exhibit A is in equity.

15. Movant's claims, other than recovery of attorneys' fees, are nonmonetary and even the claim for fees would be considered a post-petition claim.

16. Granting the instant motion would not impact the Debtor's current Chapter 13 plan obligations.

18. Granting the present Motion would not prejudice any other creditors.

19. Granting the present motion would protect the health, safety and property interests of all members in the community.

20. The undersigned has sought and not received the concurrence of Debtor's counsel to the filing of this motion.

WHEREFORE, Movant, CCP PROPERTY OWNERS ASSOCIATION SOUTH, respectfully requests that this Honorable Court GRANT the present Motion for Relief and grant Movant the authority to file and prosecute the attached Complaint in the Court of Common Pleas of Monroe County.

YOUNG & HAROS, LLC

BY: _____
GREGORY D. MALASKA, ESQ.
Attorney I.D. No. 85524
802 Main St.
Stroudsburg, PA 18360-1602
(570) 424-9800
Attorneys for Plaintiff



## COURT OF COMMON PLEAS OF THE FORTY-THIRD JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA - MONROE COUNTY
## CIVIL ACTION

| | | |
|---|---|---|
| CCP PROPERTY OWNERS ASSOCIATION SOUTH,<br>            Plaintiff | : : : : : | NO.    CIVIL 2025 |
| v. | : : | |
| MILLICENT DURING AND ELIZABETH DURING,<br>            Defendants | : : : : : | |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

MONROE COUNTY BAR ASSOCIATION
FIND A LAWYER PROGRAM
P.O. BOX 591
STROUDSBURG, PENNSYLVANIA 18360
Telephone (570) 424-1340
Fax (570) 424-8234

## COURT OF COMMON PLEAS OF THE FORTY-THIRD JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA - MONROE COUNTY
## CIVIL ACTION

| | |
|---|---|
| CCP PROPERTY OWNERS ASSOCIATION SOUTH, <br>       Plaintiff <br>   v. <br> MILLICENT DURING AND ELIZABETH DURING, <br>       Defendants | NO.   CIVIL 2025 |

### PLAINTIFF'S COMPLAINT

Plaintiff, CCP PROPERTY OWNERS ASSOCIATION SOUTH, by and through its counsel, Young & Haros, LLC, hereby makes complaint against Defendants, MILLICENT DURING AND ELIZABETH DURING, and in support thereof, avers as follows:

1. Plaintiff, CCP PROPERTY OWNERS ASSOCIATION SOUTH ("the "Association" or "CCP") is a nonprofit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal address c/o First Service Residential, 612 Main St., Stroudsburg, PA 18360.

2. The Association maintains and administers the common facilities (the "Common Facilities") in the private real estate subdivision known as Country Club of the Poconos at Big Ridge (the "Subdivision") which is located in Middle Smithfield Township, Monroe County, Pennsylvania.

3. The Subdivision is a Planned Community under the Uniform Planned Community Act, 68 Pa. C.S. § 5101, et seq. (the "Act") and as such, the Association, Defendants, and Unit are also subject to the UPCA.

4. Defendants MILLICENT DURING AND ELIZABETH DURING are adult individuals with a principal address of 3120 Sparrow Court, East Stroudsburg, PA 18302.

5. Defendants own Lot 226, Phase II, pursuant to a deed from Isaac during, Sr., dated September 16, 2011 and filed with the Monroe County Recorder of Deeds office at Deed Book 2391, Page 8303, a copy of which is attached as Exhibit "A".

6. The Premises are the same as those conveyed from the Sheriff of Monroe County to US Bank National Association, as Trustee for CSFB ARMT 2006-3, via deed dated April 29, 2011 and filed with the Monroe County Recorder of Deeds office at Deed Book 2386, Page 82. A copy of said deed is hereinafter incorporated by reference as if set forth at length. The premises were formerly owned by Jesse L. Rodriguez and Silva M. Friere-Satizabal.

7. The Premises are the same as those conveyed from Francisco DePinto, Jr. and Saadia M. Valdes-DePinto to Jesse L. Rodriguez and Silvia M. Friere-Satizabal via deed dated April 13, 2006 and filed with the Monroe County Recorder of Deeds office at Deed Book 2264, Page 7366, a copy of which is hereinafter incorporated by reference as if set forth at length.

8. The Premises are the same as those conveyed from Big Ridge Developers, LP to Francisco DePinto, Jr. and Saadia M. Valdes-DePinto via deed dated December 17, 2002 and filed with the Monroe County Recorder of Deeds office at Deed Book 2140, Page 7131, a copy of which is attached as Exhibit "B".

9. The 2002 deed references that it is under and subject to the provisions of the Declaration of Covenants and Restrictions dated September 1, 1989 and recorded in the Office of the Recorder of Deeds for Monroe County, Pennsylvania at Record Book Volume 1708, Page 1524 ("the Declaration"). A copy of said Declaration is attached as Exhibit "C".

10. Under Section 2.1(a) 23 of the Declaration, the unit owners agree to join the Association, be bound by the community documents, and pay assessments to the Association.

11. The predecessors in title to the Defendants intended that the Declaration run with the land, as evidenced by the references in the chain of title and by the references found in the Declaration.

12. The Declaration contains equitable servitudes which bind the Defendants' Unit.

13. The Declaration puts the Defendants on notice as to the possible formation of a property owners' association.

14. Section 2.1(a)(3) of the Declaration prohibits the storage of commercial vehicles on the units.

15. Section 2.1(b)(5) mandates all unit owners to maintain their units in a neat and attractive manner.

16. Section 9.5 of the Declaration authorizes the Association, as successor Declarant, to file suit to enjoin violations of the governing documents.

17. The Association has been assigned all Declarant powers, including the right to enforce, per a transition agreement executed and memorialized in 2017.

18. As the Owners of a Unit, Defendants are also members of the Association and

are bound by the Association's Bylaws, a copy of which is attached as Exhibit "D".

19. Under Article V, Section 3 of the Bylaws, Defendants are obligated to comply with the governing documents for the community.

20. Under Article VI, Section 12(l) of the Bylaws, the Board has authority to enforce violations of the community's governing documents.

21. The Board, within its authority, has adopted Rules and Regulations, a copy of which is attached as Exhibit "E".

22. Rule 2.7 prohibits the parking of commercial vehicles on any unit without Association approval.

23. Rule 3.7 requires unit owners to maintain their lawn in acceptable manner.

24. Beginning in early 2025, the Defendants began storing a commercial van on their property.

25. As the Defendants were in bankruptcy, the undersigned contacted Defendant's bankruptcy counsel, Robert Kidwell, Eq. to ask that the vehicle be removed, to no avail.

26. Defendants have failed to appeal or bring the Premises into compliance.

27. The undersigned noticed Defendants of their violations via letter dated September 24, 2025, a copy of which is attached as Exhibit "F".

28. By accepting title to the Unit, Defendants bound themselves under the Declaration and ratified the Declaration, Bylaws and Rules and Regulations, all of which are covenants running with title to the Unit.

29. Section 5315 of the UPCA is one of the Sections of the UPCA which applies

retroactively to the Association, the Defendants, and the Unit.

30. Section 5315 authorizes CCP to recover enforcement costs incurred to bring The Premises into compliance. At present, CCP has incurred $673.00 in attorneys' fees.

31. The Association will continue to incur costs, expenses and attorneys' fees to enforce the Defendants' violations until CCP recovers a judgment in this case.

32. All conditions precedent to the bringing of the claims in this Complaint have occurred or have been performed.

## COUNT I - BREACH OF COVENANTS

33. Paragraphs 1 through 32 above are incorporated herein by reference as if fully set forth at length.

34. Defendants' storage of commercial vehicles on the Premises is in violation of the Declaration.

35. Defendants' actions and violations will continue as aforementioned until enjoined by the court.

36. The continued actions of the Defendants in keeping the commercial vehicles on the Premises are in bad faith given, inter alia, Defendants were well aware of the Covenants and the violations thereof are blatant.

37. Defendants' violation of the Covenants causes damage to the Association and the property owners within the development, which damage cannot be compensated for by monetary award.

38. The Association is without an adequate remedy at law.

WHEREFORE, Plaintiff, CCP Property Owners Association South, requests that the Court issue an Order:

a. permanently enjoining the Defendants from continuing the aforementioned violations;

b. demanding the Defendants to remove the commercial vehicle within twenty (20) days and not bring them back into the community;

c. demanding the Defendants to comply with the Covenants, Bylaws and Rules and in all respects;

d. awarding costs, including attorneys' fees, to Plaintiff; and

e. granting such additional relief to the Plaintiff as the Court shall see fit.

## COUNT II
## VIOLATION OF BYLAWS

39. Paragraphs 1 through 38 above are hereinafter incorporated by reference as if set forth at length.

40. As unit owners, Defendants are bound by the Bylaws.

41. Defendants' actions as described above establish clear failures to abide by the Association's Covenants and Rules in clear violation of the Bylaws.

42. The Board of Directors is fully authorized to file suit to enjoin violations of the community documents.

43. The Defendants' actions are in violation of the Bylaws.

44. The Defendants will continue to violate the Bylaws aforementioned unless

enjoined by the Court.

45. The actions of the Defendants in storing commercial vehicles, are in bad faith given, inter alia, that they were well aware of the Bylaws and the violations thereof are blatant.

46. Defendants' violations of the Bylaws cause damage to the Association and the property owners within the development, which damage cannot be compensated for by monetary award.

47. The Association is without an adequate remedy of law.

WHEREFORE, Plaintiff, CCP Property Owners Association South, requests that the Court issue an Order:

   a. permanently enjoining the Defendants from continuing the aforementioned violations;

   b. demanding the Defendants to remove the commercial vehicle within twenty (20) days and not bring them back into the community;

   c. demanding the Defendants to comply with the Covenants, Bylaws and Rules and in all respects;

   d. awarding costs, including attorneys' fees, to Plaintiff; and

   e. granting such additional relief to the Plaintiff as the Court shall see fit.

## COUNT III
## VIOLATION OF RULES

48. Paragraphs 1 through 47 above are hereinafter incorporated by reference as if set forth at length.

49. As unit owners, Defendants are bound by the Rules.

50. Defendants' actions as described above establish clear failures to abide by the Association's Rules.

51. The Board of Directors is fully authorized to file suit to enjoin violations of the community documents.

52. The Defendants' actions are in violation of the Rules.

53. The Defendants will continue to violate the Rules aforementioned unless enjoined by the Court.

54. The actions of the Defendants in storing commercial vehicles, are in bad faith given, inter alia, that they were well aware of the Rules and the violations thereof are blatant.

55. Defendants' violations of the Rules cause damage to the Association and the property owners within the development, which damage cannot be compensated for by monetary award.

56. The Association is without an adequate remedy of law.

WHEREFORE, Plaintiff, CCP Property Owners Association South, requests that the Court issue an Order:

   a. permanently enjoining the Defendants from continuing the aforementioned violations;

   b. demanding the Defendants to remove the commercial vehicle within twenty (20) days and not bring them back into the community;

   c. demanding the Defendants to comply with the Covenants, Bylaws and Rules and in all respects;

   d. awarding costs, including attorneys' fees, to Plaintiff; and

e.  granting such additional relief to the Plaintiff as the Court shall see fit.

## COUNT IV
## NUISANCE

57. Paragraphs 1 through 56 above are hereinafter incorporated by reference as if set forth at length.

58. Defendants' storage of a commercial vehicle is unsightly and unreasonable in a residential community.

59. Defendants' storage of a commercial vehicle will cause unreasonable annoyance, inconvenience and discomfort to neighboring unit owners and the entire community.

60. Specifically, the storage of a commercial vehicle create a community eyesore.

61. Defendants' storage of a commercial vehicle invade the community's interest in the use of the common areas and enjoyment of the view in the community.

62. The Defendants have acted with malice because they continued to act after notice of the unlawful nature of their activities.

63. Defendants' activities constitute a nuisance in the community.

WHEREFORE, Plaintiff, CCP Property Owners Association South, requests that the Court issue an Order:

a.  permanently enjoining the Defendants from continuing the aforementioned violations;

b.  demanding the Defendants to remove the commercial vehicle within twenty

(20) days and not bring them back into the community;

c.  demanding the Defendants to comply with the Covenants, Bylaws and Rules and in all respects;

d.  awarding costs, including attorneys' fees, to Plaintiff; and

e.  granting such additional relief to the Plaintiff as the Court shall see fit.

## COUNT V
## ATTORNEYS FEES

64. Paragraphs 1-63 are hereinafter incorporated by reference as if set forth at length.

65. Defendants have violated the Association's Covenants, Bylaws, and Rules.

66. Plaintiff has filed suit to enforce its Covenants.

67. Plaintiff has expended considerable sums in attorneys' fees in an attempt to enforce the Covenants.

68. Plaintiff continues to incur attorneys' fees during the pendency of this action.

69. The subdivision is a planned community under the Uniform Planned Community Act (the UPCA), 68 Pa. C.S. § 5101, et seq.

70. Defendants are unit owners in the planned community.

71. Pursuant to the UPCA, "…fines and interest charged under § 5302(a)(10)(11) and (12) (relating to power of unit owners association) and reasonable costs and expenses of the Association, including legal fees, incurred in connection with the collection of any sums due to the Association by the unit owner or enforcement of the provisions of the Declaration,

Bylaws, Rules or Regulations against the unit owner are enforceable as assessments." 68 Pa. C.S. § 5315(a).

72. Pursuant to the UPCA, punitive damages may be awarded in the case of willful violation of the Act, the Covenants or the Bylaws. 68 Pa. C.S. § 5412.

73. The above-described actions of the Defendants were taken willfully and maliciously and with reckless disregard of Plaintiff Association's rights.

WHEREFORE, Plaintiff, CCP Property Owners Association South, requests that the Court issue an Order:

a. permanently enjoining the Defendants from continuing the aforementioned violations;

b. demanding the Defendants to remove the commercial vehicles within twenty (20) days and not bring them back into the community;

c. demanding the Defendants to comply with the Covenants, Bylaws and Rules and in all respects;

d. awarding costs, including attorneys' fees, to Plaintiff; and

e. granting such additional relief to the Plaintiff as the Court shall see fit.

YOUNG & HAROS, LLC

BY: _____
GREGORY D. MALASKA, ESQ.
Attorney I.D. No. 85524
802 Main St.
Stroudsburg, PA 18360-1602
(570) 424-9800
Attorneys for Plaintiff

## VERIFICATION

I verify that the statements made in foregoing are true and correct based upon my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

CCP PROPERTY OWNERS ASSOCIATION SOUTH, INC.

Date: 11/12/2~

By: _____
PEGGY GOTTSCHAU
COMMUNITY MANAGER